UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Kirk Wool,

    Petitioner,

    v.                                                                                   Case No. 1:13-cv-312

Andrew Pallito, Commissioner,
Vermont Department of Corrections,

    Respondent.


## REPORT AND RECOMMENDATION
(Doc. 1)

Kirk Wool, proceeding *pro* se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Wool concedes in his Petition that he "has already filed for a writ of habeas corpus" on the same conviction, but that he now seeks to raise a new claim that was previously unexhausted. Wool's previous petition was denied by this Court, on both procedural and substantive grounds, on September 23, 1996. *See Wool v. Vt. Dep't of Corr.*, D. Vt. No. 1:94-cv-238 (Doc. 43). The United States Court of Appeals for the Second Circuit subsequently denied his motion for a certificate of appealability on May 9, 1997, and his appeal was dismissed. *Id.* (Doc. 50).

Because Wool previously filed a Section 2254 motion regarding the same conviction and sentence, and that motion was denied on the merits, his current motion is "second or successive." *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that petition was "second or successive" because it challenged "the same custody imposed by

the same judgment of a state court" as the first petition); 28 U.S.C. § 2244(b).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") strictly limits the conditions under which a "second or successive" petition may be granted.  A claim in a second or successive petition that was not presented in a previous habeas corpus petition may only be granted if one of the following conditions applies:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  The AEDPA also sets "gatekeeping" procedural rules for the review of second or successive petitions.  *Burton*, 549 U.S. at 149.  Accordingly, a second or successive petition may only be filed with a district court if the petitioner has first been granted permission to do so by the relevant court of appeals.  28 U.S.C. § 2244(b)(3)(A).  To grant such permission, the court of appeals must determine that the petition contains claims which fall into one of the categories quoted above.  28 U.S.C. § 2244(b)(3)(A), (B).

If a petitioner fails to obtain circuit approval prior to filing a second or successive petition, the district court is without jurisdiction to consider the petition and must dismiss it.  *See Burton*, 549 U.S. at 153.  The rule in this circuit, in the interest of judicial efficiency, is if a district court determines that a petition is second or successive, that court

is to transfer the petition to the circuit court.  *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003).   I therefore recommend that the Court find Wool's current Section 2254 Petition to be second or successive under 28 U.S.C. § 2244(b), and TRANSFER the Petition to the United States Court of Appeals for the Second Circuit.

Dated at Burlington, in the District of Vermont, this 13th day of December, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).   Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.   *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989).